UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

HUBERT K. JOHNSON, )
)
   Plaintiff, )
) No. 6:17-CV-342-REW-EBA
v. )
)
SOAL, INC., ) OPINION AND ORDER
)
   Defendant. )

     \*\*\* \*\*\* \*\*\* \*\*\*

Defendant Soal, Inc. ("Soal") moves to dismiss this action, asserting lack of personal jurisdiction. DE #82. Plaintiff Hubert K. Johnson opposed the motion (DE #97), and Soal replied (DE #98). Because the Court concludes that Soal has forfeited its personal jurisdictional challenge as a result of its conduct throughout the course of this litigation, it denies the motion.

**1. Background**

This controversy arises out of Soal's former retention of Plaintiff as an over-the-road truck driver. According to the Amended Complaint, Soal leases its vehicles from Penske Truck Leasing Co., L.P. ("Penske) and neglected to inform Plaintiff when—after a payment dispute between Soal and Penske—Penske reported its leased vehicles as stolen, including the truck assigned to Plaintiff. DE #30 (Amended Complaint) at ¶ 10; DE #1-1 at ¶¶ 11–12. Plaintiff first learned of the issue when, while driving the truck for Soal in Arkansas, police stopped him on a minor traffic violation and subsequently arrested him for receiving stolen property; as a result, Johnson spent the next approximately forty hours in an Arkansas jail before the matter was resolved. DE #30 at ¶ 27; DE #1-1 at ¶¶ 16–17. Plaintiff originally sued Penske in Harlan Circuit Court, and Penske removed the matter to this Court in December 2017. DE #1 (Notice of Removal).

Although the Complaint's factual content implicated Soal, Soal was not originally a party to the action. *See* DE #1-1. On March 15, 2018—the final day to amend pleadings or add parties—Johnson sought leave to add a negligence (and related punitive damages) claim against Soal. DE #18. Given the timing of the request and the relation of those claims to the action's existing factual basis, the Court permitted amendment. *See* DE #29. Plaintiff later stipulated to dismissal of his claims against Penske. *See* DE #55. On July 16, 2018, Soal answered the Amended Complaint and initiated a permissive counterclaim against Johnson. Since then, the case has actively progressed, ostensibly approaching an eventual merits resolution; Soal has served discovery responses and requests, filed motions objecting to discovery requests, attended depositions, jointly moved to extend deadlines multiple times, mediated with Johnson, and participated in multiple hearings before the Magistrate Judge. On November 27, 2018, just over four months after Soal answered the Amended Complaint and filed its counterclaim, Soal filed this motion to dismiss based on lack of personal jurisdiction.

2. **Discussion**

Even after raising the defense per Federal Rule of Civil Procedure 12(h), a defendant may forfeit[1] a personal jurisdiction challenge if its "appearances and filings . . . constituted 'legal submission to the jurisdiction of the court.'" *Gerber*, 649 F.3d at 519 (quoting *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 905 (6th Cir. 2006)). "Only those submissions, appearances and filings that give '[P]laintiff a reasonable expectation that [the defendant] will

---

[1] The term "waiver" properly applies to relinquishment of the defense due to a party's failure to preserve it in an initial pleading, while "forfeiture" is more appropriate to describe a party's submission to the Court's jurisdiction via its conduct in the litigation. *See King v. Taylor*, 694 F.3d 650, 658 n.3 (6th Cir. 2012); *cf. Gerber v. Riordan*, 649 F.3d 514, 522 n.1 (6th Cir. 2011) (Moore, J., concurring) (noting the court's historic use of "waiver" to describe relinquishment by conduct but stating that "forfeiture" would be a more apt descriptor in context). This Court utilizes the more accurate term "forfeiture" to describe relinquishment post-Rule 12(h) raising of the defense.

2

defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking' result in waiver of a personal jurisdiction defense." *Id.* at 519 (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (internal citation omitted)). "The principal inquiry in cases of this sort is whether the defendant's activities manifest an intention to submit to the power of a sovereign." *Id.* at 523 (Moore, J., concurring) (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011)).[2] The Court evaluates Soal's participation to determine if it demonstrates submission to this Court's jurisdiction in view of all relevant surrounding circumstances. *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012).[3] In deciding whether Soal has forfeited the defense, the Court weighs such factors as whether Soal preserved the defense in its answer, Soal's delay in raising the issue via Rule 12(b)(2) motion, whether the Court and Plaintiff had notice that Soal intended to bring the challenge, and the extent and nature of Soal's participation in the case prior to raising the defense by motion. *See HTC Sweden AB v. Innovatech Prod. & Equip. Co.*, No. 3:07-CV-232, 2010 WL 2163122, at *4 (E.D. Tenn. May 27, 2010).

A fair reading of the substance of Soal's Answer and Counterclaim (DE #34) demonstrates that Soal initially raised a personal jurisdiction defense for Rule 12(h) purposes. Despite not explicitly including lack of personal jurisdiction as an affirmative defense, Soal's denial of the

---

[2] As in *Gerber* and *J. McIntyre*, only specific, rather than general, jurisdiction is at issue in this case.

[3] *King* expanded the *Gerber* inquiry and "consider[ed] all of the relevant circumstances" surrounding the "defendant's conduct prior to raising the defense[,]" rather than just the party's submissions, appearances, and filings. 694 F.3d at 659. Consequently, "[o]ther 'cases following *Gerber* have declined to interpret it so narrowly[,] and require the consideration of all the relevant circumstances when determining waiver.'" *Schall v. Suzuki Motor of Am., Inc.*, No. 4:14-CV-00074-JHM, 2017 WL 2059662, at *2 (W.D. Ky. May 12, 2017) (quoting *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, No. 1:14-cv-329, 2014 WL 3615382, at *5 n.4 (N.D. Ohio July 18, 2014) (compiling cases)). The Court shares this interpretation of *Gerber*.

Amended Complaint's personal jurisdiction allegation, coupled with Soal's general inclusion of "lack of jurisdiction" among its affirmative defenses, indicates that Soal then disputed the Court's jurisdiction over it. *See* DE #34 at ¶ 4 and page 5; *see Phat Fashions, LLC v. Phat Game Athletic Apparel, Inc.*, No. 00-cv-0201, 2001 WL 1041990, at *3 (S.D.N.Y. Sept. 7, 2001) (concluding that finding forfeiture where the defendant denied personal jurisdiction but failed to include it as a separate enumerated defense would "elevate form over substance" and violate the spirit of the Rules). However, Soal's assertion of the defense in its answer "does not preserve [it] in perpetuity"; "[a] defendant is required at some point to raise the issue by motion for the court's determination" and "[w]aiting too long to do so can forfeit the defense." *King*, 694 F.3d at 658. Soal filed the instant motion 4+ months after it answered Plaintiff's Amended Complaint (*see* DE # 34), and roughly ten months after it similarly answered former Third-Party Plaintiff Penske's Complaint (*see* DE #15). The Court perceives the latter interval relevant here because it represents the entirety of Soal's participation in this suit and reflects the full scope of Soal's opportunities to object to the Court's jurisdiction over it. But, neither period of delay is comparatively egregious, and, without more, neither would strongly indicate forfeiture.[4]

However, the period of delay is just one non-dispositive factor in the forfeiture calculus. The time that has lapsed simply "provides the context in which to assess the significance of the

---

[4] *See, e.g.*, *Gerber*, 649 F.3d at 523 (forfeiture resulting where there was a more than two-year delay between first appearance and Rule 12(b)(2) motion); *National Feeds, Inc. v. United Pet Foods, Inc.*, 118 F.Supp.3d 972, 973 (N.D. Ohio 2015) (finding forfeiture with three-year delay); *Schall*, 2017 WL 2059662, at *3 (finding forfeiture with more than two-year delay); *HTC Sweden*, 2010 WL 2163122, at *6 (finding forfeiture with more than two-year delay). *Cf. Electrolux*, 2014 WL 3615382, at *5 (describing a three-month delay as "relatively insignificant"); *Mattson v. Troyer*, No. 5:15-cv-358, 2016 WL 5338061, at *3 (N.D. Ohio Sept. 23, 2016) (finding a less-than-two-month delay "insignificant"); *Phat Fashions*, 2001 WL 1041990, at 3–4 (considering a ten-month delay between the answer and the jurisdictional motion insufficient indication of forfeiture).

defendant's conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2nd Cir. 1999). "[N]ot solely the length of time but also the conduct of the defending party throughout the litigation" drive the forfeiture analysis. *Plunkett v. Valhalla Inv. Servs., Inc.*, 409 F. Supp. 2d 39, 42 (D. Mass. 2006). The time between Soal's entrance into the litigation and its jurisdictional motion did not idly pass. Soal's conduct throughout the litigation and active involvement in the case evinced intent to pursue the action to a merits conclusion. Before filing its motion to dismiss, Soal initiated two (permissive) counterclaims against Plaintiff (DE #34 at 7–8), exchanged substantial non-jurisdictional written discovery (on Plaintiff's claims as well as Soal's own) (DE ##48, 51–53, 73–74), travelled to attend multiple depositions in the case, vigorously litigated discovery and other pretrial motions (DE ##19, 58, 64, 72), participated in three telephonic hearings before the Magistrate Judge regarding discovery disputes (DE ##63, 69, 81), participated in mediation on the merits of the claims, and twice joined in motions to extend deadlines and amend the case schedule (DE ##43, 70). Collectively considering Soal's actions throughout the course of this case, it is apparent Soal has actively engaged with the substantive litigation and required the Court to expend substantial time and effort resolving its discovery objections.

Critically, despite Soal's significant interaction with Plaintiff and the Court, not once between its Answer and the instant motion did Soal articulate or suggest an intent to challenge personal jurisdiction. Other courts have declined to find forfeiture where defendants' litigation activities were similar to Soal's here. However, those courts considered persuasive the fact that the full scope of the defendants' conduct throughout the litigation included clear expressions of intent to eventually challenge personal jurisdiction, putting other parties and the courts on notice that the issue would arise. *See, e.g.*, *Betco Corp, Ltd. v. Peacock*, 3:12–cv–1045, 2014 WL 809211,

5

at *4 (N.D. Ohio Feb. 28, 2014) (declining to find forfeiture where, despite engaging in "preliminary" discovery and scheduling matters, the defendants "ha[d] been steadfast in asserting their objections to [the court's] personal jurisdiction over them[]" throughout the case and had "articulated an intent" to move to dismiss based on personal jurisdiction prior to actually doing so); *Phat Fashions*, 2001 WL 1041990, at *3–4 (finding no forfeiture where the defendant communicated its intent to challenge personal jurisdiction early in the litigation and later reiterated that intent multiple times in conferences with the plaintiff and the court); *cf. HTC Sweden*, 2010 WL 2163122, at *7 (finding forfeiture and noting as significant the defendant's failure to express any intent to challenge personal jurisdiction or make the issue known to the plaintiff or the court throughout the course of its litigation activities).

Illustrative is Soal's approach to opposing amendment. In trying to block Johnson from making a direct claim against Soal, the company did not suggest jurisdiction as an impediment. *See* DE #19. Later, when Johnson tried to amend a second time to add claims and parties, Soal again opposed without the slightest reference to personal jurisdiction. DE #72. Indeed, in that filing, Defendant repeatedly stressed the importance of keeping the extant case schedule on track and that new claims would require new discovery and new time for defensive strategy—Soal did not refer to personal jurisdiction as a salient concern. *See id.* at 7 (opposing amendment because "discovery would need to be extended to allow the Defendant sufficient time to investigate the new claims, which would delay resolution of th[e] matter[]" and Soal would be required "to develop a strategy to defend against the Plaintiff's additional claims[]"). Soal's behavior reasonably shows intent to substantively defend Plaintiff's claims and reach a merits resolution, and the litigation steps have required significant Court input.

Soal's ten-month involvement in the case, participation in substantial discovery on the merits, numerous communications with Plaintiff, and multiple filings with and appearances before the Court prior to raising personal jurisdiction by motion—and all without any reference to a jurisdictional objection—created a reasonable expectation that Soal intended to defend the suit on the merits, as well as pursue the merits of its own counterclaims. Furthermore, Soal's actions have required Court intervention and expenditure of considerable time and effort, which, if personal jurisdiction were lacking, would be entirely wasted. *See Gerber*, 649 F.3d at 519. Against this backdrop, Soal's assertion of a personal jurisdiction challenge at this stage in the proceedings fails to comport "with the spirit of Rule 12—'which is to expedite and simplify proceedings in the Federal Courts[.]'" *Id.* at 522 (Moore, J., concurring) (quoting *Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (internal quotation marks omitted)). Accordingly, Soal has forfeited its personal jurisdiction defense.

3. Conclusion

For all the reasons discussed, the Court **DENIES** Soal's motion to dismiss (DE #82).

This the 25th day of January, 2019.

Signed By:
*Robert E. Wier* REW
United States District Judge